## ANDREW BROWN *vs.* WILLIAM HOLBROOK.

An action for goods sold and delivered is not supported by evidence of the consignment of the goods by the owners thereof to the plaintiff for sale, and of their delivery by the plaintiff to the defendant upon his agreement to pay for or deliver them to the owners, when requested, and of his refusal so to pay for or deliver them.

ACTION OF CONTRACT for goods sold and delivered to the defendant by Andrew J. White, an insolvent debtor, of whom the plaintiff was the assignee. Trial in the court of common pleas, before *Briggs*, J., to whose rulings the defendant alleged exceptions. The facts are sufficiently stated in the opinion

*C. A. Winchester*, for the defendant.

*F. Chamberlin*, for the plaintiff.

MERRICK, J.    It appeared, from the evidence produced by each of the parties upon the trial, that the three last items in the account annexed to the writ were charges for articles which had never been owned by White or sold by him to the defendant. They belonged to other parties, who had consigned them to White for sale; and he, without their authority, intrusted them to the defendant, upon his agreement to pay for or deliver them to the owners whenever they should be called for.    Upon these facts being shown, the defendant contended that nothing could be recovered of him by the plaintiff, on account of these articles, in this action.    In this position he was correct, and it should have been sustained by the court.    But a different view of the question having been taken by the presiding judge, he overruled the objection, and instructed the jury that the plaintiff might waive the tort and maintain this action for the recovery of the value of those articles, if, when demanded of him, the defendant refused to give them up, or pay over the money for which the whole or any part of them had been sold, unless, in justification of his refusal, he assigned reasons from which it was apparent that he had not converted and did not intend to convert them to his own use.

This instruction, considered as one general proposition, was undoubtedly erroneous.    It is not easy to see how, under the circumstances stated, there could have been any tort or trespass committed by the defendant, of which White or his assignee would have any right to complain.    But even if that were possible, this action could not be maintained to recover the value of any portion of the property tortiously converted.    Upon this point the authorities are decisive.    It is only when property tortiously taken or appropriated has been sold, and the consideration of the sale has been received in money, that the tort can be waived and an action of assumpsit, or of contract, as it is now called, be maintained against the wrongdoer; and then it must be upon a count for money had and received, and not for goods sold and delivered.    *Jones* v. *Hoar*, 5 Pick. 285.    Yet, under the instructions given in this case, the jury were authorized to find a verdict for the plaintiff, not only for the money which the

defendant had received for any part of the articles sold, but also for whatever portion of them he had tortiously converted to his own use.   Under the well settled rule above stated, this was obviously incorrect.

But it is unnecessary to enlarge or particularly to rely upon this consideration, because the more general objection of the defendant appears to us to be conclusive against the right of the plaintiff to recover any thing on account of those items in this action.   Under the contract between the parties, the defendant took and retained possession of these articles, merely as a consignee, to dispose of them at his pleasure, and account for them when required to do so by the owners.   When goods are consigned by the owner, to be sold and accounted for, he cannot recover the price of them of his factor or commission merchant, in an action containing only a count for goods sold and delivered, as upon a sale made of the same, even though he has made a special demand on his consignee to pay or account for them, and the latter has unreasonably neglected or refused to do either the one or the other.   *Ayres* v. *Sleeper*, 7 Met. 45.   Such is the rule where the owner of property himself consigns it, and subsequently brings an action, after an ineffectual attempt to regain possession of, or compensation for it.   But here, neither White nor the plaintiff was ever the general owner of the articles charged in the controverted items of the account.   And it is, to say the least, very doubtful whether either of them, in view of the stipulations and provisions of the special contract with the defendant, had any right to claim the return or redelivery of the property, or to demand the money for which the whole or any portion of it had been sold.   But however that may be, it is clear that if the plaintiff has suffered any loss or damage in consequence of the failure of the defendant to observe or comply with his engagements, compensation therefor cannot be recovered in an action for goods sold and delivered.   In a suit in which he shall set forth, in conformity to the provisions of the statute, the contract substantially, upon which he relies, and the particular breach of it of which he complains, he may undoubtedly find an adequate remedy.         *Exceptions sustained*